IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Alexis Rose Brown | ) | |
| (f/k/a Daniel Lee Brown), | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26-cv-52 (LMB/WEF) |
| | ) | |
| Unknown, | ) | |
| Defendant. | ) | |

ORDER

Acting pro se, Chesapeake Jail inmate Alexis Rose Brown (f/k/a Daniel Lee Brown) ("plaintiff") submitted two letters to the Court that the Clerk docketed as one complaint under 42 U.S.C. § 1983. [Dkt. Nos. 1, 2]. The Court has construed the letters liberally because plaintiff is proceeding pro se, see, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007); however, even construed liberally, plaintiff's letters fail to state any claim upon which relief may be granted and must be dismissed. See 28 U.S.C. § 1915A(b)(1). Much of plaintiff's letters are incomprehensible, but it appears that plaintiff is complaining that Chesapeake City Jail staff are providing inadequate medical care, refusing to provide copies of medical records, and failing to provide protection from threats posed by other inmates. Plaintiff also complains about former and current state court proceedings. Because the letters lack information about which jail staff members are responsible for specific alleged wrongful acts or omissions, they raise no colorable claims under § 1983.[1] Accordingly, it is hereby

---

[1] Furthermore, plaintiff's letters were not accompanied by payment of the $405 required to initiate a civil action or an application for permission to proceed in forma pauperis ("IFP")— a requirement that plaintiff is familiar with from prior proceedings. See, e.g., Brown v. Amonette, No. 3:02-cv-745 (E.D. Va. 2002); Brown v. Unknown, No. 1:25-cv-73 (E.D. Va. 2025). In the absence of payment of the required fees or an application for permission to proceed IFP, this civil action cannot proceed. If plaintiff elects to initiate a civil action, that may be done by filing a

ORDERED that this civil action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1).

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal and stating that the appeal will be taken to the United States Court of Appeals for the Fourth Circuit. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to send a copy of this Order and two § 1983 prisoner complaint forms to plaintiff Alexis Rose Brown, pro se, and close this civil action.

Entered this 13 day of January, 2026.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

more-carefully-drafted complaint on an appropriate form and either paying $405 or submitting a complete IFP application form. Because plaintiff's vague complaints about inadequate medical care are completely different from the vague claims that jail officials are not protecting him from inmate threats, these issues must be raised in separate complaints and a separate filing fee will be due for each complaint.